UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY,　　　　　　　　　)
an individual,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　　CASE NO.: 2:26-cv-982
　　　　　　　　Plaintiff,　　　　　　　)
vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
371 AIRPORT ROAD NORTH, INC.,　　　　)
a Florida Corporation,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　　)
_____)

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, JEFFREY JOEL JUDY, by and through his undersigned counsel, hereby files this Complaint and sues 371 AIRPORT ROAD NORTH, INC., a Florida Corporation, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1.　　　This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3.    Plaintiff, JEFFREY JOEL JUDY, (hereinafter referred to as "Mr. Judy") is a resident of the State of Florida in Lee County.

4.    Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down.  Additionally, Plaintiff is a double leg amputee.  Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair as his primary means of mobility.

5.    Due to his disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6.    Defendant, 371 AIRPORT ROAD NORTH, INC., (hereinafter referred to as "Defendant"), is a Florida Corporation.  As such, Defendant is the owner/operator of the real property and improvements which are the subject of this action, to wit: Michelbob's Championship Ribs & Steaks, generally located at 371 Airport Rd S, Naples, FL 34104 (the "Property").  Defendant is responsible for complying with the obligations of the ADA.

7.    All events giving rise to this lawsuit occurred in the Middle District of Florida, in Collier County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8.     Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9.     The Property, a large restaurant, is consequently a place of public accommodation subject to the ADA.

10.     Plaintiff has visited the Property discussed herein several times over the last two years and plans to visit again in the near future because he frequently travels to the Naples area where the Property is located and loves the food served there. The Property is located about forty-two (42) miles from Plaintiff's residence which takes under an hour to reach by car.  Plaintiff most recently visited the Property and ate at the restaurant in late March, 2026.

11.     During his visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12.     Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13.     Plaintiff desires to visit the Property because he loves the food there but fears that he will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14.     Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq*. and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which reduced his access:

A.     Plaintiff personally encountered an inaccessible parking lot at the Property due to a shortage of ADA parking spaces.  Specifically, the lot contains over 50 standard use parking spaces while only two (2) ADA spaces are provided for disabled use, neither of which is accessible. Due to these conditions, Plaintiff had great difficulty parking in the lot and could not safely use either of the so-called ADA spaces.

B.     Plaintiff personally encountered two (2) parking spaces designated for disabled use near the entrance to restaurant which were not accessible due to the lack of adjacent access aisles for safe loading and unloading and a failure to identify the spaces with ADA signage to discourage non-disabled persons from parking in them. These conditions made it very

4

difficult for Plaintiff to park in the spaces and transfer into and out of his vehicle due to nearby unprotected vehicular traffic.

C. Plaintiff personally encountered inaccessible routes leading from the two ADA parking spaces to the nearby sidewalk and to the Property entrance due to excessive slopes and pavement in disrepair along the sidewalk. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to maneuver onto the sidewalk and to the Property entrance and outdoor seating areas.

D. Plaintiff personally encountered inaccessible table seating throughout the outside patio of the restaurant due to fixed bench style table seating which do not provide enough knee clearance for a person in a wheelchair to pull under the table to eat. Additionally, the table seating inside the restaurant contains a shortage of wheelchair accessible table seating (less than 5% of accessible dining surfaces provided) due to fixed booth type seating which likewise does not allow for a wheelchair to pull into the tables to eat comfortably.

E. Plaintiff personally encountered inaccessible men's restroom access in the restaurant due to a narrow corridor leading to the restroom entrance, narrow doorway, lack of pipe insulation under the sinks, high

mirrors, lack of proper grab bars in the ADA stall and inadequate dimensions of the stall. Due to these issues, Plaintiff injured his hand trying to get his wheelchair through the narrow door opening and then was unable to use the ADA stall or shut the door to the stall behind him due to the inadequate dimensions.

15. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron because he loves the food served there and for its convenient location, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, structurally feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable

attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B. That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E.    That this Court awards such other and further relief as it

deems necessary, just and proper.

Date: April 1, 2026.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@kumussman.com

By: */s/ Louis I. Mussman*
Louis I. Mussman, Esq. (Lead Counsel)
(FL Bar # 597155)

8